UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ELIZABETH JANE POIRE,  No. 20-cv-00888 (KMM-ECW)

    Plaintiff,

v.  **ORDER**

MARTIN O'MALLEY,
Commissioner of Social Security
Defendant,

    Defendant.

---

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees. ECF 45. The Plaintiff seeks an award of $21,383.00 pursuant to 42 U.S.C. § 406(b)(1), upon the receipt of which Plaintiff's counsel will refund $8,000 to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act ("EAJA"). *Id*.

The Commissioner does not oppose either the award of fees or the specific amount requested by counsel in this case but filed a response asking the Court to "decline to include language directing that the Commissioner 'pay' the award." ECF 49 at 2. "Alternatively, the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." *Id*. Plaintiff declined to file a reply, either directed to this specific request or any other aspect of Defendant's response. *See* ECF 50. However, Plaintiff's proposed order for the fees motion includes language consistent with the Commissioner's request that the

1

Court not order the Commissioner to "pay" awarded fees, but to "authorize" those fees to be paid out of amounts withheld from Plaintiff's past-due benefits. *See* ECF 47. For the reasons described below, the Court grants Plaintiff's motion and will adopt the language in the Plaintiff's proposed order.

## I. BACKGROUND

Plaintiff filed claims for Social Security disability insurance benefits, disabled widow's benefits, and supplemental security income benefits on June 15, 2016, alleging a disability onset date of December 18, 2008. *See* ECF 29 (Pl's Mot. for S.J.) at 1. Her claims were denied initially and upon reconsideration. *Id*. at 2. Plaintiff requested further review, and an Administrative Law Judge denied Plaintiff's application in April 2019. Plaintiff's request for review by the Appeals Council was denied on February 22, 2020. *Id*. at 3. Plaintiff then sought judicial review of the ALJ's decision from this Court. *See* ECF 4 (Compl.). Upon the filing of a subsequent motion for summary judgment by Plaintiff (ECF 29), the parties reached an agreement that the case should be remanded to the Social Security Administration (the "Agency") for further proceedings. ECF 32. On February 11, 2021, the Court ordered remand. ECF 35. On April 5, 2021, the Court awarded Plaintiff $8,000.00 in fees under the EAJA by this Court. ECF 43.

On remand, the ALJ issued a favorable decision to Plaintiff, and she was awarded approximately $83,000.00 in past-due benefits. ECF 45 at 1. Plaintiff now seeks attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), based on that award.

## II. DISCUSSION

2

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for worked performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant. The 25-percent figure is merely an upper cap on fees established by Congress, and counsel for a successful claimant must still "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorneys' fee award in this amount is reasonable. *Id.* at 808.

The Court must first determine whether the plaintiff was successful, because a requirement of § 406(b)(1)(A) is "a judgment favorable to the claimant." The Court finds the representation of Plaintiff was ultimately successful because it resulted in the award of $83,000.00[1] in past-due disability benefits. *See, e.g.*, *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where the plaintiff's counsel secured over $80,000 in past-due disability benefits). Counsel also notes that plaintiff's potential lifetime benefit will amount to much more than $83,000. ECF 45 at 3.

Next, the Court must determine if the requested attorneys' fees are reasonable. Plaintiff seeks $21,383.00 in attorneys' fees, amounting to 25% of the past-due benefits awarded and the maximum permitted under § 406(b)(1). The Court finds that the requested

---

[1] Plaintiff states that she has yet to receive a "notice of award explicitly stating her past due benefits" and that the $83,000 is an approximation based on the best available information. *See* ECF 45 at 1 n.1. The Court accepts this figure as accurate for the purposes of considering the fees motion.

3

fees are reasonable. Plaintiff entered a contingency agreement with counsel and agreed to pay 25% of any past-due benefits awarded. *Id*. at 4. The fee agreement comports with the 25% statutory cap imposed by § 406(b). The Supreme Court has explained that contingent-fee agreements for the statutory maximum 25% of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. There is also no indication that Plaintiff's counsel caused any delay in this matter or provided substandard representation which could warrant a reduction. *Id.* at 808.

Nor would the full award here be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* Her counsel spent a combined 45.2 hours on this case. *See* ECF 46-3 (Itemized Time for Plaintiff's Counsel attached as Exhibit B to Plaintiff's fees motion). This means the full amount requested would compensate counsel at an effective rate of $473.08 per hour. This rate is below other approved rates in this district. *E.g.*, *Smith*, 2023 WL 3580817 at *2 (approving award with effective rate of $900 and collecting cases from this district approving awards amounting to greater effective rates). Finally, the number of hours that counsel reported spending on this matter is not excessive in light of the complexity of the administrative and judicial record at issue in this case.

Considering the terms of the contingency fee agreement between Plaintiff and her counsel, the amount of effort expended on Plaintiff's case, the length of the proceedings, the comparable rates awarded for Social Security cases in this District, and the statutory requirements of Section 406(b), the Court finds that a fee award of $21,383.00 is reasonable.

Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "'refund to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186) (brackets removed). The fee awarded under EAJA here is smaller than that under § 406(b), so Plaintiff's counsel must refund to the Plaintiff the $8,000 in previously awarded EAJA fees. "Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner." *Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016).

### III.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF 45] is **GRANTED**.

2. The Court authorizes a payment to Karl E. Osterhout, Esquire, counsel for Plaintiff, in the amount of **$21,383.00** in attorney's fees being withheld from Plaintiff's past-due benefits for court related services.

3. Upon receipt of this sum, counsel for Plaintiff shall remit $8,000.00 directly to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

Date: June 17, 2024

       *s/Katherine Menendez*
       Katherine Menendez
       United States District Judge